(*Circuit Court of Cook County.*)

## Anna Wescott

### vs.

## John Menhard, et al.

(Opinion delivered May 20, 1878.)

1. JUSTICE OF THE PEACE—JURISDICTION. A justice court is one of limited and inferior jurisdiction. Its acts are null and void where it assumes jurisdiction not given by statute. Such jurisdiction must affirmatively appear.
2. SAME—JURISDICTION IN ACTION OF TRESPASS. Where the entry on the justice's docket showed a judgment in favor of plaintiff in an action "to recover damages for trespass" it was held that this was insufficient as the entry did not indicate whether the trespass was against the person or against property.

McALLISTER, J., delivered the opinion of the court:—

Anna Wescott recovered a judgment before George L. Ford, Esq., a justice of the peace, January 25, 1878, against John Menhard and Agnes Menhard, his wife, for $150 damages. The defendants filed a petition in this court for a common-law *certiorari*, which was allowed by my brother Rogers, and to which return has been made. The question for decision is whether it appears from the transcript of the justice, which alone can be considered, that the subject-matter of the suit was within the jurisdiction of the justice.

The entries on the justice's docket are that the "action is brought to recover damages for trespass by above named defendants."

The court decided that the plaintiff, according to the evidence offered, was entitled to the possession of the premises until January 21, 1878. Judgment was entered against the defendants for the sum of $150 damages in trespass, and costs of suit, and in favor of plaintiff.

A justice's court is one of limited and inferior jurisdiction; the statute is the charter of its authority. Its acts are null and void when it assumes jurisdiction not given by the statute. *Robinson v. Harlan,* 1 Scam. 237. The law is well settled that in order to justify courts not of record, in taking cognizance of a cause, their jurisdiction must affirmatively appear. *Trader v. McKee,* 1 Scam. 558. Authorities might be multiplied to any extent in further support of the above propositions. Sec. 122 of the Justice's Act, Rev. Stat. 655, declares that, ''It shall be the duty of every justice, whenever a suit shall be commenced before him, to record in a well-bound book kept for that purpose, the names of the parties, the amount, *and nature of the debt sued for,*'' etc.

Sec. 13, Rev. Stat. 639, defines the jurisdiction of justices of the peace, and gives jurisdiction ''in actions for damages for injury to real property, or for taking, detaining, or injuring personal property.''

But such courts have no jurisdiction of actions for injury to the person or to the relative rights of persons.

Trespass is an action brought for injury to the person as well as to property. If the entry of the justice had been: Trespass for injury to real property or to personal property, or even trespass to property, then it would have shown a case within the justice's jurisdiction, and the law would indulge the presumption that the evidence proved or sustained the cause of action specified. As was held in *Chicago & Rock Island Railway Company v. Fell,* 22 Ill. 336, which was a common-law *certiorari* to justice's court: ''It was only necessary that the court should see that the law conferred jurisdiction upon the justice to take cognizance of the offense specified; and when it appears that the court could have had jurisdiction, the presumption is that the evidence made out a proper cause for its exercise.'' In that case, ''the offense specified''

on the justice's docket was "trespass on personal property." In the case in hand it is simply trespass, with nothing to affirmatively show that it was trespass to property and not to the person, over which the justice has no jurisdiction. The finding of the justice as to plaintiff being entitled to the possession of premises, standing by itself as it does, would be just as material to a case of trespass to the person for forcibly putting her out of, as to an action for damages for injury to real property. I have endeavored to spell out jurisdiction and uphold the judgment; but under the rules of law applicable to courts of inferior and limited jurisdiction requiring that their jurisdiction shall in all cases affirmatively appear, I have, after repeated efforts to dispose of the case the other way, been, at last, forced to decide that it does not affirmatively appear upon the face of the transcript that the justice had jurisdiction of the cause. This court will not, in the absence of any entry on the justice's docket showing the nature of the cause of action sued on, presume that it was one within the jurisdiction of the court, because being a court of inferior and limited jurisdiction, its jurisdiction must affirmatively appear. The generic word "trespass" does not give the nature of the cause of action any more than the word "tort" or "wrong" would. It should have said "trespass to property," or something equivalent. For these reasons the judgment of the justice must be quashed. Judgment quashed.